# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                              |                                    |
|----------------------------------------------|------------------------------------|
| NATASHA MCINTYRE,                            |                                    |
|     Plaintiff,                               |                                    |
|     v.                                       | **Civil Action No. 17-2007 (CKK)** |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, |                                 |
|     Defendant.                               |                                    |

**MEMORANDUM OPINION**
(October 16, 2019)

The Court is in receipt of the October 11, 2019 Order to this Court from the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). ECF No. 34; *McIntyre v. WMATA*, 19-7061, Oct. 11, 2019 Order. On June 21, 2019, the D.C. Circuit ordered Plaintiff to show cause as to why her appeal should not be dismissed as untimely. *Id.* at June 21, 2019 Order. Plaintiff filed a response to that order to show cause. Following Plaintiff's response, on October 11, 2019, the D.C. Circuit, "remanded to the district court to determine whether appellant's response to the order to show cause, together with the notice of appeal, should be construed as a motion for extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5) and, if so, whether the motion should be granted." *Id.* at Oct. 11, 2019 Order. On careful review of both questions presented by the D.C. Circuit, the Court concludes that Plaintiff's response to the order to show cause, together with her notice of appeal, should not be construed as a motion for an extension of time to file a notice of appeal under Rule 4(a)(5). However, even if the Court were to construe these documents as a motion for an extension of time to file a notice of appeal, the Court concludes that such a motion should not be granted.

On May 15, 2019, this Court issued a Memorandum Opinion and Order granting Defendant's Motion for Summary Judgment. *See* ECF Nos. 26, 27. On June 17, 2019, Plaintiff filed her notice of appeal of the Court's May 15, 2019 Order. Pursuant to Federal Rule of Appellate Procedure 4(a), "the notice of appeal … must be filed with the district clerk within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Here, it is undisputed that Plaintiff's notice of appeal was filed outside the prescribed 30-day time limit.

Pursuant to Federal Rule of Appellate Procedure 4(a)(5), "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). In this case, Plaintiff failed to file a motion

requesting that the Court extend the time to file a notice of appeal. Instead, Plaintiff simply filed her appeal outside the time limit prescribed by Rule 4(a). In response to this late notice of appeal, the D.C. Circuit ordered that Plaintiff show cause as to why her appeal should not be dismissed as untimely. *McIntyre v. WMATA*, 19-7061, June 21, 2019 Order. On July 22, 2019, Plaintiff filed her response to the D.C. Circuit's show cause order. The D.C. Circuit remanded to this Court the issue of whether or not Plaintiff's appeal can be construed as timely.

> **I. Should Plaintiff's response to the D.C. Circuit's order to show cause, together with the notice of appeal, be construed as a motion for an extension of time to file a notice of appeal?**

The first question before the Court is whether or not Plaintiff's late notice of appeal, together with her response to the D.C. Circuit's show cause order, should be construed as a motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). The Court determines that the answer is no.

In answering this question, the Court is guided by Judge Rudolph Contreras's excellent reasoning in *Alemu v. Department of For Hire Vehicles*, No. 17-1904, 2019 WL 2745067 (D.D.C. July 1, 2019). In *Alemu*, as in this case, the D.C. Circuit directed the court to consider whether to construe the plaintiff's response to the D.C. Circuit's order to show cause, combined with his untimely notice of appeal, as a motion for an extension of time to file a notice of appeal. 2019 WL 2745067, at *1. Judge Contreras ultimately found that Plaintiff's filings could not combine to constitute a motion for an extension of time to file a notice of appeal under Rule 4(a)(5). *Id.* at *1-3.

First, as in *Alemu*, the Court concludes that Plaintiff's late notice of appeal, together with her response to the D.C. Circuit's show cause order, cannot be construed as a motion for an extension of time to file a notice of appeal because Plaintiff failed to file a motion seeking such relief. *Id.* at *2. Pursuant to Federal Rule of Appellate Procedure 4(a)(5), a district court may grant an extension of time to file a notice of appeal if "*the party so moves*." Fed. R. App. P. 4(a)(5)(A)(i) (emphasis added). A prior incarnation of this Rule implied that informal pleadings could be used to infer that a request for an extension had been made. In the Advisory Committee's Notes to the 1979 Amendment, the Committee explained that "[u]nder the [pre-1979 amendment] rule there is a possible implication that prior to the time the initial appeal time has run, the district court may extend the time on the basis of an informal application." Fed. R. App. P. 4(a)(5) Advisory Committee's Note to the 1979 Amendment. However, the 1979 amendment, which has not been changed in relevant part, "require[s] that the application must be made by motion." *Id.*

The D.C. Circuit has never considered whether or not an untimely notice of appeal can be treated as an implied motion for an extension of time under Rule 4(a)(5). *Alemu*, 2019 WL 2745067, at *2 n.1. However, eleven circuits which have considered the issue have found that an untimely notice of appeal cannot be treated as a motion for an extension of time to file an appeal. *Wyzik v. Emp. Benefit Plan of Crane Co.*, 663 F.2d 348, 348 (1st Cir. 1981) (per curiam); *Campos v. LeFevre*, 825 F.2d 671, 675-76 (2d Cir. 1987); *Herman v. Guardian Life Ins. Co. of Am.*, 762 F.2d 288, 289-90 (3rd Cir. 1985) (per curiam); *Myers v. Stephenson*, 748 F.2d 202, 204 (4th Cir.

2

1984); *Bond v. W. Auto Supply Co.*, 654 F.2d 302, 303-04 (5th Cir. 1981); *Pryor v. Marshall*, 711 F.2d 63, 64-65 (6th Cir. 1983); *United States ex rel. Leonard v. O'Leary*, 788 F.2d 1238, 1239-40 (7th Cir. 1986) (per curiam); *Campbell v. White*, 721 F.2d 644, 645-46 (8th Cir. 1983); *United States ex rel. Haight v. Catholic Healthcare W.*, 602 F.3d 949, 956 (9th Cir. 2010); *Mayfield v. U.S. Parole Comm'n*, 647 F.2d 1053, 1055 (10th Cir. 1981) (per curiam); *Brooks v. Britton*, 669 F.2d 665, 667 (11th Cir. 1982). Additionally, other district courts within this Circuit have refused to treat an untimely notice of appeal as a motion for an extension of time to file an appeal. *See U.S. ex rel. Green v. Service Contract Educ. and Training Trust Fund*, 863 F. Supp. 2d 18, 20-21 (D.D.C. 2012); *Hickey v. Scott*, 987 F. Supp. 2d 85, 89 (D.D.C. 2013); *Alemu*, 2019 WL 2745067, at *2. The cited cases—with the exception of *Alemu*— involved only a notice of appeal and not a response to a circuit court's order to show cause. However, the Court finds that Plaintiff's response does not change Rule 4(a)(5)'s requirement that requests for an extension of time be made by motion. As such, in accord with the bulk of authority, the Court finds that Plaintiff's late notice of appeal, together with her response to the D.C. Circuit's show cause order, cannot be construed as a motion for an extension of time to file a notice of appeal under Rule 4(a)(5).

Moreover, even if the Court were to ignore Rule 4(a)(5)'s motion requirement, Plaintiff's response to the D.C. Circuit's order to show cause was filed too late. *Alemu*, 2019 WL 2745067, at *2-3. Pursuant to Rule 4(a)(5), a party may move for an extension of time to file an appeal if the party "so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A)(i). Plaintiff did not file her response to the D.C. Circuit's order to show cause until July 22, 2019, which is later than 30 days after the time prescribed by Rule 4(a) expired. As such, even if the Court were to construe Plaintiff's untimely notice of appeal and response as a motion for an extension of time, that motion for an extension of time would be untimely.

The United States Supreme Court has held that time prescriptions imposed by Congress are jurisdictional. *Hamer v. Neighborhood Housing Serv. of Chicago*, 138 S. Ct. 13, 21 (2017). The applicable time prescription here, Federal Rule of Appellate Procedure 4(a)(5)(A) is prescribed by Congress. 28 U.S.C. § 2107(c). Accordingly, this Court follows the decision in *Alemu* and finds that the Rule 4(a)(5)(A)'s time limit is jurisdictional. 2019 WL 2745067, at *2-3; *see also United States v. Kalb*, 891 F.3d 455, 460 (3d Cir. 2018); *Nestorovic v. Metro. Reclamation District of Greater Chicago*, 926 F.3d 427, 431 (7th Cir. 2019); *Evans v. Greentree Servicing, LLC*, No. 17-6479, 2018 WL 1326651, at *1 (6th Cir. Feb. 8, 2018). Because the time limit for filing a motion for an extension of time is jurisdictional, and because construing Plaintiff's untimely notice of appeal, together with her response to the D.C. Circuit's order to show cause, would be equivalent to accepting an untimely motion for an extension, the Court does not consider Plaintiff's filings to be a proper Rule 4(a)(5) motion. *See Alemu*, 2019 WL 2745067, at *2-3.

### II. Should a motion for an extension of time to file a notice of appeal be granted?

For the reasons explained above, the Court concludes that Plaintiff's untimely notice of appeal, together with her response to the D.C. Circuit's order to show cause, should not be construed as a timely motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). However, even if the Court were to construe Plaintiff's filings as such a motion, the Court would not grant that motion because Plaintiff has not shown "excusable

3

neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).

In her response to the D.C. Circuit's order to show cause, Plaintiff stated that she was not represented by counsel when she filed her notice of appeal. *McIntyre v. WMATA*, 19-7061, Plaintiff's July 22, 2019 Response. She contended that she filed her notice of appeal in good faith believing that the date that she submitted her notice was within the 30-day time limit. Plaintiff explained, "I was under the impression that June 15, 2019 would meet the 30-day mark. Considering June 15th was on a Saturday, I submitted my appeal in good faith on the following business day which was June 17th, 2019." *Id.* The remainder of Plaintiff's response argues the merits of her appeal but provides no further justification for filing her notice of appeal outside the time limit. While the Court is sympathetic to Plaintiff's plight, the Court finds that Plaintiff has not shown the required excusable neglect or good cause.

First, the Court finds that excusable neglect does not warrant granting an extension of time to file a notice of appeal in this case. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Here, Plaintiff does not claim that, because of her pro se status, she was unaware of the 30-day deadline or that she was otherwise unaware of appellate procedure. Instead, Plaintiff's failure to meet the time limit was caused by her incorrect calculation of the 30-day time limit for submitting a notice of appeal. However, the Federal Rules of Appellate Procedure are clear that a notice of appeal must be filed within 30 days. Fed. R. App. P. 4(a)(1)(A). Additionally, the Rules are clear on how to compute that 30-day time limit. *See* Fed. R. Civ. P. 6(a)(1); Fed. R. App. P. 26(a)(1). Plaintiff's incorrect calculation of the 30 days was due either to ignorance of the Rules or to a mistake in construing the Rules. And, there is no ambiguity in the Rules which would excuse Plaintiff's failure to comply. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 369-70 (2d Cir. 2003) (finding that the district court abused its discretion in finding excusable neglect based on an erroneous calculation); *J.D. ex rel. Davis v. Kanawha County Bd. of Educ'n*, 517 F. Supp. 2d 822, 824 (S.D.W.Va.2007) (no excusable neglect based on pro se litigant's ignorance of federal rules); *Cordell v. Pac. Indem. Co.*, 335 F. App'x 956, 960 (11th Cir. 2009) (explaining that pro se litigant's "misinterpretation of the rules with respect to the time to appeal" did not constitute excusable neglect). In these circumstances, the Court concludes that Plaintiff has not shown excusable neglect in failing to file a timely notice of appeal.

Second, the Court finds that there is not good cause to grant an extension of time to file a notice of appeal. According to the Advisory Committee's notes, "[t]he good cause standard applies in situations in which there is no fault—excusable or otherwise." Fed. R. App. P. 4(a)(5)(A)(ii) Advisory Committee's Note to the 2002 Amendment. Generally, courts will find good cause for an extension where the lateness is "occasioned by something that is not within the control of the movant. … If, for example, the Postal Service failed to deliver a notice of appeal." *Id.* Here, Plaintiff's lateness was caused by her own miscalculation of the deadline, which was fully within Plaintiff's control. As such, the Court finds no good cause to grant an extension.

### III. Conclusion

For the foregoing reasons, the Court concludes that Plaintiff's untimely notice of appeal,

4

together with her response to the D.C. Circuit's order to show cause, should not be construed as a motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). Rule 4(a)(5) required that Plaintiff file a motion requesting an extension, which Plaintiff failed to do. Moreover, Plaintiff's response to the D.C. Circuit's order to show cause was filed outside the time limit for filing a motion for an extension of time under Rule 4(a)(5). However, even if the Court were to construe Plaintiff's filings as a motion for an extension under Rule 4(a)(5), the Court would not grant such a motion because Plaintiff failed to show excusable neglect or good cause.

                                                                         _/s/_____
                                                                         **COLLEEN KOLLAR-KOTELLY**
                                                                         UNITED STATES DISTRICT JUDGE